DMJ:CPK
F.#2007R01222

FILED
IN CLERK'S OFFICE
DISTRICT COURT EDNY

★ MAR 21 2012 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    -against-

HELENE MICHEL,
    also known as "Elene Allonce,"
    "Elaine Allonce" and
    "Dr. Elaine Allonce," and
ETIENNE ALLONCE,

          Defendants.

- - - - - - - - - - - - - - - - -X

S U P E R S E D I N G
I N D I C T M E N T

Cr. No. 07-889(S-1)(JFB)
(T. 18, U.S.C., §§
982(a)(7), 982(b)(1),
1347, 1349, 2 and 3551 et
seq.; T. 42, U.S.C.,
§§ 1320d-6(a)(2),
1320d-6(a)(3) and
1320d-6(b)(3))

THE GRAND JURY CHARGES:

## INTRODUCTION

At all times relevant to this Indictment, unless otherwise indicated:

### The Defendants

1. The defendants HELENE MICHEL, also known as "Elene Allonce," "Elaine Allonce" and "Dr. Elaine Allonce," ("MICHEL") and ETIENNE ALLONCE ("ALLONCE") were the owners and operators of Medical Solutions Management, Inc. ("MSM"), a company which provided medical equipment and supplies to nursing homes.

### The Health Care Benefit Programs

2. Medicaid and Medicare (the "Benefit Programs") were public health plans, affecting commerce, under which medical

benefits, items or services were provided to individuals, and, thus, constituted health care benefit programs within the meaning of Title 18, United States Code, Section 24(b).

The Scheme to Defraud: Fraudulent Billing for Medical Supplies

3. On behalf of MSM, the defendants MICHEL and ALLONCE submitted and caused to be submitted medical insurance claims to the Benefit Programs. The claims were submitted by electronic means.

4. The defendants MICHEL and ALLONCE submitted and caused to be submitted claims to the Benefit Programs seeking payment for medical supplies purportedly provided to patients at nursing homes, when, as the defendants then and there well knew and believed, those medical supplies had not been provided.

5. The Benefit Programs made payments to MSM on the basis of the false insurance claims for medical supplies submitted and caused to be submitted by the defendants MICHEL and ALLONCE.

Unauthorized Disclosure of Individually
Identifiable Health Information for Commercial Gain

6. The Health Insurance Portability and Accountability Act of 1996 ("HIPAA") restricted the disclosure of "individually identifiable health information" by certain "covered entities." As defined in Title 45, Code of Federal Regulations, Section 160.103, "individually identifiable health information" included, among other things: (a) information which: (i) identified the

3

individual; or (ii) with respect to which there was a reasonable basis to believe that the information could be used to identify the individual; (b) that was created or received by a health care provider or a health plan; and (c) that related to: (i) the past, present, or future physical or mental health or condition of an individual; (ii) the provision of health care to an individual; or (iii) the past, present, or future payment for the provision of health care to an individual. Furthermore, "covered entities" under HIPPA included any "health care provider who transmits any health information in electronic form in connection with transactions covered by" Subchapter C of Title 45, Code of Federal Regulations. The submission of claims for health care goods and services, and payment of such claims, were transactions covered by Subchapter C of Title 45. Under HIPAA, the term "health care provider" included companies, such as MSM, that provided health care equipment and supplies. Therefore, MSM's electronic submission of health information for health care claims were transactions covered by Subchapter C, undertaken by a covered entity under HIPAA.

7. On or about and between April 7, 2003 and March 26, 2007, MICHEL, acting through MSM, without valid authorization and for commercial gain, obtained and disclosed individually identifiable health information of patients. Specifically, MICHEL stole patient records from nursing homes and, using the

4

individually identifiable health information of patients contained in those stolen records, transmitted fraudulent claims, through MSM and in electronic form, to the Benefit Programs and received payment from the Benefit Programs for such billings.

## COUNT ONE
(Health Care Fraud)

8.  The allegations contained in paragraphs one through five are realleged and incorporated as if fully set forth in this paragraph.

9.  On or about and between April 7, 2003 and March 26, 2007, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants HELENE MICHEL, also known as "Elene Allonce," "Elaine Allonce" and "Dr. Elaine Allonce," and ETIENNE ALLONCE, together with others, did knowingly and willfully, in connection with the delivery of and payment for health care benefits, items and services, execute and attempt to execute a scheme and artifice (a) to defraud health care benefit programs, to wit: the Benefit Programs, and (b) to obtain, by means of materially false and fraudulent pretenses, representations and promises, money and property owned by, and under the custody and control of, those health care benefit programs.

(Title 18, United States Code, Sections 1347, 2 and 3551 et seq.)

5

COUNT TWO
(Wrongful Disclosure of Individually
Identifiable Health Information)

10. The allegations contained in paragraphs one, six and seven are hereby realleged and incorporated as if fully set forth in this paragraph.

11. On or about and between April 7, 2003 and March 26, 2007, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant HELENE MICHEL, also known as "Elene Allonce," "Elaine Allonce" and "Dr. Elaine Allonce," together with others, did, through MSM, knowingly and intentionally obtain and disclose individually identifiable health information relating to other individuals, to wit: patients' names, dates of birth, social security numbers, Medicare insurance information, Medicaid insurance information and medical notes and treatment information relating to the patients' health status taken from medical records, with the intent to sell, transfer, and use such information for commercial advantage and personal gain.

(Title 42, United States Code, Sections 1320d-6(a)(2), 1320d-6(a)(3) and 1320d-6(b)(3); Title 18, United States Code, Sections 2 and 3551 et seq.)

6

## COUNT THREE
(Health Care Fraud Conspiracy)

12. The allegations contained in paragraphs 1 through 7 are hereby realleged and incorporated as if fully set forth in this paragraph.

13. On or about and between April 7, 2003 and March 26, 2007, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants HELENE MICHEL, also known as "Elene Allonce," "Elaine Allonce" and "Dr. Elaine Allonce," and ETIENNE ALLONCE, together with others, did knowingly and willfully conspire, in connection with the delivery of and payment for health care benefits, items and services, to execute and attempt to execute a scheme and artifice (a) to defraud health care benefit programs, to wit: the Benefit Programs, and (b) to obtain, by means of materially false and fraudulent pretenses, representations and promises, money and property owned by, and under the custody and control of, those health care benefit programs, contrary to Title 18, United States Code, Section 1347.

(Title 18, United States Code, Sections 1349 and 3551 et seq.)

CRIMINAL FORFEITURE ALLEGATION FOR ALL COUNTS

14. The United States hereby gives notice to the defendants that, upon their conviction of any of the offenses charged in Counts One, Two or Three of this Indictment, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982(a)(7), which requires any person convicted of such offenses to forfeit any property, real and personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of such offenses, including but not limited to the following:

(a) $753,194.34, more or less, seized from Smith Barney Account Number 866-0572A-1-0-553, formerly Account Number 586-24182-16 324, in the name of Medical Solutions Management, Inc. and the name of Medical Solutions Management, Inc. and Etienne Allonce, and all proceeds traceable traceable thereto;

(b) $427,207.24, more or less, seized from Smith Barney Account Number 866-0577A-1-9-553, formerly Account Number 586-24357-15 324, in the name of Etienne Allonce and Medical Solutions Mgmt. Inc. in the name of Etienne Allonce and Medical Solutions Mgmt. Inc. Defined Benefit Pension Plan, and all proceeds traceable thereto;

(c) $10,615.35, more or less, seized from Capital One, formerly known as North Fork Bank, Account Number 3079009282 in

the name of Dr. Etienne S. Allonce or Dr. Elene Michel Allonce, and all proceeds traceable thereto;

(d) $9,743.50, more or less, seized from Smith Barney Account Number 866-0603A-1-3-553, formerly account number 586-25152-19 324, in the name of Etienne Allonce and Elene Allonce JTWROS, and all proceeds traceable thereto;

(e) $7,079.99, more or less, seized from Capital One, formerly known as North Fork Bank, Account Number 3279700045 in the name of Medical Solutions Management Inc., and all proceeds traceable thereto;

(f) $3,682.07, more or less, seized from Capital One, formerly known as North Fork Bank, Account Number 6311001843 in the name of Medical Solutions Management, Inc., and all proceeds traceable thereto;

(g) $648.60, more or less, seized from Capital One, formerly known as North Fork Bank, Account Number 6314001923 in the name of Medical Solutions Management, Inc., DBA Medical Nutrition Therapy and all proceeds traceable thereto;

(h) All right, title and interest in the funds deposited in, or transferred to or through North Fork Bank account number 6314001907 in the name of Global Marine Biotech, USA LLC, 606B Rutgers Road, West Babylon, New York 11704-5555 and all proceeds traceable thereto; and

(i) All right, title and interest in the funds

deposited in, or transferred to or through Smith Barney account number 586-25521-13 324 in the name of Medical Solutions Med. Pharm. and Etienne Allonce, 190 Rhododendron Drive, Westbury, New York 111590-1246 and all proceeds traceable thereto.

15. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which

cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other property of such defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 982(a)(7) and 982(b)(1))

A TRUE BILL

_____
FOREPERSON

_____
LORETTA E. LYNCH
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

FORM DBD-34
JUN. 85

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK
CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

vs.

HELENE MICHEL, also known as "Elene Allonce",
"Elaine Allonce" and "Dr. Elaine Allonce", and
ETIENNE ALLONCE

Defendants.

# INDICTMENT

(T. 18, U.S.C., §§ 982(a)(7), 982(b)(1), 1347, 1349, 2 and 3551 et seq.; T. 42, U.S.C., §§ 1320d-6(a)(2), 1320d-6(a)(3) and 1320d-6(b)(3)

*A true bill*

_____ Patricia McDaniels _____
Foreperson

Filed in open court this __21__ day,
of __March__ A.D. 20 _12_

_____ Clerk

Bail, $ _____

Charles P. Kelly, Assistant U.S. Attorney (631) 715-7866